UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOE SALANDER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO. 2:12-CV-11383
　　　　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD
STATE OF MICHIGAN,

    Defendant.

_____/

## ORDER GRANTING THE APPLICATION TO PROCEED
## *IN FORMA PAUPERIS* AND DISMISSING THE COMPLAINT

Plaintiff William Joe Salander of Lennon, Michigan has filed a *pro se* complaint and an application to proceed *in forma pauperis*. Records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff is serving a probationary sentence for criminal sexual conduct in the fourth degree.[1]

Plaintiff alleges in his application to proceed *in forma pauperis* that he is unemployed, received no money from any sources in the last twelve months, and has no money in a checking or savings account. He further alleges that his pickup truck is worth only $100.00 and that three people are dependent on him for support. In light of these allegations, Plaintiff's application to proceed *in forma pauperis* [Docket No. 2, filed March 27, 2012] is **GRANTED**. His complaint is dismissed for the reason given below.

The complaint appears to challenge certain state court proceedings and the

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=437999.

treatment that Plaintiff received in jail at an unspecified time in the past. Among other things, Plaintiff alleges that a county nurse gave him the wrong medication and that the sheriff made him sleep on a mat on the floor despite chronic back and neck pain. Plaintiff further alleges that he did not receive a fair trial, that government officials committed a fraud and entrapped him, and that witnesses lied in court and made false statements against him.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss an indigent plaintiff's case if the case is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A federal district court also "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed.2d 577 (1974), and *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

Plaintiff's complaint is frivolous and devoid of merit because the sole defendant is the State of Michigan. States enjoy absolute immunity from suit under the Eleventh Amendment unless they consent to be sued. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057, 57 L. Ed. 2d 1114 (1978) (*per curiam*); *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), "and Congress has not abrogated state sovereign immunity in

suits under 42 U.S.C. § 1983." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). This immunity, moreover, "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal and end citations omitted). Because the State is immune from suit, Plaintiff's complaint [Docket No. 1, dated March 27, 2012] is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1).


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

3